UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JEREMY WASHINGTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-1093 |
| | ) | |
| ELIZABETH STARKEY, | ) | |
| Defendant. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Jeremy Washington, an inmate at Joliet Treatment Center. Plaintiff has also filed a Petition to Proceed *in forma pauperis* ("IFP").

### I.    Background

Plaintiff filed a Complaint (Doc. 1), but neither paid the filing fee nor submitted an IFP Petition. The Court subsequently dismissed Plaintiff's case and entered judgment after he failed to comply with the Court's Order to submit payment or an IFP Petition. (Doc. 5.) Plaintiff subsequently filed a Motion to Reopen Case, explaining that he did not have access to his mail while on suicide watch. However, the Court denied Plaintiff's filing because he did not pay the filing fee or attach an IFP Petition. Despite the dismissal, the Court granted Plaintiff additional time to comply. Plaintiff has since filed an IFP Petition. (Doc. 6.)

The Court directs the Clerk of the Court ("Clerk") to reopen Plaintiff's case. The Court grants Plaintiff's IFP Motion (Doc. 6) and directs the Clerk to calculate the appropriate partial filing fee amount as mandated by 28 U.S.C. § 1915(b)(1).

## II.    Complaint

### A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Facts

Plaintiff's pleading alleges a constitutional violation at Pontiac Correctional Center ("Pontiac") against Corrections Lieutenant Elizabeth Starkey. Specifically, Plaintiff asserts that on August 27, 2024, Starkey did not provide him a hearing before imposing the following restrictions based on a disciplinary report: three months of segregation, three months of C grade status, and three months of commissary restrictions.

**C. Analysis**

"*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974),] sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981).

However, when an inmate's "sanction is less onerous" than revocation of good time credits, prison officials "need not use all of the procedures required by *Wolff* when reaching decisions." *Sylvester v. Hanks*, 140 F.3d 713, 715 (7th Cir. 1998). An inmate is entitled to only informal, nonadversary procedures when "the State's interest implicates the safety of other inmates and prison personnel." *Wilkinson v. Austin*, 545 U.S. 209, 228–29 (2005) (holding that inmates transferred to supermax prison where incarceration "is synonymous with extreme isolation" are entitled only to informal, nonadversarial due process); *see also Westefer v. Neal*, 682 F.3d 679, 684-86 (7th Cir. 2012) (concluding that informal, nonadversary procedures do not involve the right to call or cross-examine witnesses, record evidence, receive a written decision, or administrative appeal).

"[I]nformal due process requires only that an inmate is provided (1) 'notice of the reasons for the inmate's placement' in segregation and (2) 'an opportunity to present his views,' for instance, in a written statement or at a hearing." *Ealy v. Watson*, 109 F.4th 958, 966 (7th Cir. 2024) (quoting *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024). "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose .... So long as this occurs, and the decisionmaker reviews the

charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" *Adams*, 91 F.4th at 895 (quoting *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). Due process is also satisfied if a plaintiff presents his arguments orally during the Committee hearing. *Adams*, 91 F.4th at 896.

The restrictions imposed as a consequence of the issued disciplinary report did not result in the loss of good-time credits. Thus, Plaintiff would, at most, be entitled to the informal due process procedure outlined *supra*. Plaintiff alleges that Defendant Starkey denied him a hearing before imposing the aforementioned restrictions, which is sufficient at the pleading stage to state a Fourteenth Amendment due process claim against Starkey.

**IT IS THEREFORE ORDERED:**

1) **The Clerk is DIRECTED to reopen Plaintiff's case.**

2) **Plaintiff's IFP Petition (Doc. 6) is GRANTED. The Clerk is further DIRECTED to calculate the appropriate partial filing fee amount as mandated by 28 U.S.C. § 1915(b)(1).**

3) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment Due Process claim against Defendant Starkey. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service.**

After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6)    Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)    Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

8)    This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)    The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

10)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)   If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil

Procedure 4(d)(2).

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED May 27, 2026.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE